PER CURIAM.
Marjorie Kahmi argues that the trial court erred in awarding Sylvia Bialer attorney’s fees pursuant to section 718.303, Florida Statutes (1991). We agree and reverse.
Kahmi brought suit against Bialer, among others, for intentional infliction of emotional distress. As background information, Kah-mi’s complaint alleged her membership in the same condominium association as Bialer. After Kahmi’s complaint was dismissed with prejudice, the trial court granted Bialer attorney’s fees under section 718.303.
Section 718.303 provides in pertinent part:
(1) Each unit owner ... and each association shall be governed by, and shall comply *731 with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws and the provisions thereof shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunc-tive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
(a) The association.
(b) A unit owner....
The prevailing party in any such action ... is entitled to recover reasonable attorney’s fees.
Kahmi’s action for intentional infliction of emotional distress does not fall within the ambit of section 718.303, which Bialer’s counsel conceded during oral argument. Kahmi’s action did not seek damages or injunctive relief for failure to comply with the condominium act, the declaration, the documents creating the association, or the association bylaws. Therefore, Bialer was not entitled to fees under section 718.303. Accordingly, we reverse the award of attorney’s fees and remand to the trial court to vacate the order appealed.
REVERSED AND REMANDED.
GUNTHER, WARNER and POLEN, JJ., concur.